IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                                No.: 18-cr-2945-WJ

JANY LEVEILLE,
SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ, and
SUBHANAH WAHHAJ,

        Defendants.

## JOINT MOTION TO LIFT STAY AS TO DEFENDANTS JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, AND SUBHANAH WAHHAJ AND FOR SCHEDULING CONFERENCE

Defendant Hujrah Wahhaj, joined by Defendants Jany Leveille,[1] Siraj Ibn Wahhaj, and Subhanah Wahhaj (the Moving Defendants), respectfully moves the Court to lift the stay entered over two years ago, on February 18, 2020 (ECF No. 192), as to them. This case has been pending for almost four years, and all Moving Defendants have been in custody since the beginning of the case. Although the Moving Defendants agreed to designate this case as complex and to stay the case pending the outcome of competency proceedings, they have been found competent and none has waived their Sixth Amendment right to a speedy trial. Allowing the stay to remain in place would violate the Moving Defendants' rights to a speedy trial and to due process of law. Thus, Ms. Wahhaj respectfully moves this Court for an Order lifting the stay of proceedings as

---

[1] Counsel for Jany Leveille join in this motion and note that the United States Marshals Service has notified defense counsel of Ms. Leveille's return to New Mexico in the near future. Should Ms. Leveille's transfer be significantly delayed, defense counsel may have problems proceeding without adequate access to Ms. Leveille.

to her, Jany Leveille, Siraj Ibn Wahhaj, and Subhanah Wahhaj, setting a scheduling conference to set deadlines for litigation, and setting a date for trial. Defendant Lucas Morton opposes lifting the stay as to him[2] but takes no position in relation to the other Defendants. The government opposes this motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 2018, Ms. Wahhaj and her codefendants were arrested and charged in New Mexico state court with 11 counts of child abuse. They were all held in custody. After the state court ordered Ms. Wahhaj and other codefendants released pending trial, the state moved to dismiss the case. Ms. Wahhaj was subsequently released, but days later turned herself in to federal authorities after learning through her counsel that she had been charged in federal court and a warrant for her arrest had issued.

On August 31, 2018, the government filed a criminal complaint charging Ms. Wahhaj and her co-defendants with aiding an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 2 and 922(g)(5) and conspiracy, in violation of 18 U.S.C. § 371. (ECF No. 25.) Following her arrest, Ms. Wahhaj was ordered to remain in the custody of the United States Marshal Service, pending trial. (ECF No. 37.)

On September 11, 2018, a grand jury issued an indictment charging Ms. Wahhaj and others with conspiracy to provide an alien unlawfully in the United States with a firearm, in violation of 18 U.S.C. § 371. (ECF No. 25.) On October 3, 2018, the Court designated the case complex for purposes of the Speedy Trial Act. (ECF No. 49.) On December 11, 2018, the Court issued a scheduling order setting forth deadlines in the case and a trial for April 13, 2020. (ECF No. 74.)

---

[2] The Moving Defendants are not requesting that the Court lift the stay as to Mr. Morton.

Three months later, on March 13, 2019, a grand jury returned the Superseding Indictment in this case. (ECF No. 85.)  All defendants are charged with conspiring to plan a terrorist attack (although no evidence has been provided pinpointing the target of the alleged attack) and all defendants, excluding Siraj Wahhaj,[3] are charged with kidnapping Siraj Wahhaj's minor child, AG, resulting in his death. On April 5, 2019, the Court issued an amended scheduling order which set new deadlines for motions but maintained the trial for April 13, 2020. (ECF No. 95.) On November 12, 2019, the parties filed a joint motion to amend the scheduling order (ECF No. 167), which the Court granted, continuing the trial to October 2020. (ECF No. 172.)

Beginning in mid-2019, defense counsel began identifying and raising competency issues related to all defendants, except for Siraj Ibn Wahhaj. (ECF Nos. 111, 174, 176, 179.) The Court ordered competency evaluations for four defendants, including Ms. Wahhaj. (ECF Nos. 120, 181, 187, 188.)  On February 11, 2020, Defendant Lucas Morton, joined by Ms. Wahhaj, Jany Leveille, and Subhanah Wahhaj, filed an unopposed motion to stay proceedings while the competency issues were resolved. (ECF No. 189.) Defendant Siraj Ibn Wahhaj noted, through counsel, non-opposition to the other defendants' motion to stay proceedings.[4] The Court granted the motion on February 18, 2020, and the case has been stayed since that date. (ECF No. 192.)

This Court found Subhanah Wahhaj competent to stand trial on May 26, 2021. (ECF No. 309.) It found Hujrah Wahhaj competent to stand trial on May 28, 2021 (ECF No. 311), and it found Jany Leveille competent to stand trial on January 19, 2022. (ECF No. 387.) The competency

---

[3] Siraj Wahhaj is charged with every offense excluding count 7, as he cannot be charged with kidnapping his biological child pursuant to federal law.

[4] Mr. Wahhaj has since revoked his non-opposition to the stay, and he filed a motion to lift the stay last year. (ECF No. 231.) The Court denied that motion. (ECF No. 250.)

of co-defendant Lucas Morton remains pending, and the Court has scheduled a competency hearing as to him for July 20, 2022.[5] (ECF No. 415.)

At this point, it is unknown if or when Mr. Morton's competency issues will be resolved. Meanwhile, the Moving Defendants who are competent will experience continued delay of their trial and be subjected to unnecessarily lengthy pretrial incarceration, in violation of their Fifth Amendment rights to due process, should this case continue to be stayed pending the outcome of Mr. Morton's competency proceedings. *See* U.S. Const. amend. V ("No person shall be … deprived of life, liberty, or property, without due process of law[.]"). Ms. Wahhaj, Siraj Ibn Wahhaj, and Subhanah Wahhaj, have all affirmatively asserted their right to speedy trials. (ECF Nos. 298, 324, 341, 345, 353, 397, 404, 407, 410.)  Siraj Ibn Wahhaj previously withdrew his non-opposition to the stay, and Ms. Wahhaj, Jany Leveille, and Subhanah Wahhaj now do the same.  They also respectfully move this Court for an order lifting the stay as to them, and setting a scheduling conference, pretrial deadlines, and a trial date so that this case may proceed without further delay.

## DISCUSSION

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy … trial." The right to a speedy trial protects not just the interests of the defendant, but also the "societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." *Barker v. Wingo*, 407 U.S. 514, 519 (1972). "The general rule is that the speedy trial right attaches when the defendant is arrested or

---

[5] The Moving Defendants recognize that this motion will become moot should the Court find Mr. Morton competent at the July hearing, but are filing this motion anyway so as not to delay resolution of their request that the stay be lifted as to them should the Court find Mr. Morton incompetent to proceed.

indicted, whichever comes first." *Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004). Over time, the Supreme Court has "distilled the defendant's interest in a speedy trial to three ingredients: 'to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself.'" *United States v. Ghailani*, 733 F.3d 29, 41 (2d Cir. 2013), quoting *United States v. Loud Hawk*, 474 U.S. 302, 312 (1986). Both the Court and the government have an "affirmative obligation" to the defendant and the public generally "to bring [a case] on for trial promptly, rather than permitting delay for whatever reason to drag on. . . ." *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 377 (2d Cir. 1979); *see also United States v. Seltzer*, 595 F. 3d 1170, 1175-1176 (10th Cir. 2010) ("[I]t is the prosecution's burden (and ultimately the court's) and not the defendant's responsibility to assure that cases are brought to trial in a timely manner.").

Here, Ms. Wahhaj and her legally competent codefendants have a fundamental constitutional right to a speedy trial and to due process of law. Although the Court declared the case complex for purposes of the Speedy Trial Act, Ms. Wahhaj continues to enjoy a fundamental Sixth Amendment right to a speedy trial. *See United States v. Fox*, 788 F.2d 905, 909 (2d Cir. 1988) (The Speedy Trial Act "gives effect to, but does not entirely displace, the Sixth Amendment right to a speedy trial."). This case has been pending for nearly four years. Although the Court has scheduled a competency hearing for Mr. Morton for July 2022, it is unknown whether Mr. Morton will be found competent and, if he is found incompetent, how long it will take for him to regain competency.

In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the

defendant's assertion of his right; and (4) any prejudice to the defendant. *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009), citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182 (1972). No one of the factors is necessary or sufficient to conclude a violation has occurred. *Id*. Instead, the factors are related and must be considered together along with other relevant circumstances. *Id.*.

In this case, the delay of nearly 45 months is presumptively prejudicial, triggering analysis of the remaining factors. *See United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir.2006) ("Delays approaching one year generally satisfy the requirement of presumptive prejudice."). "[T]he presumption that pretrial delay has prejudiced the accused intensifies over time." *Doggett v. United States*, 505 U.S. 647, 652, 112 S. Ct. 2686, 2691 (1992). At this juncture, the initial reason for the delay—to complete the various competency proceedings—and the intervening reason of the COVID-19 pandemic are no longer reasons to delay the Moving Defendants' trials. Siraj Ibn Wahhaj has been vigorously asserting his right to a speedy trial for over a year (ECF No. 298), and Ms. Wahhaj and Subhanah Wahhaj asserted their rights earlier this year (ECF No. 404, 407). All four Moving Defendants have been prejudiced by the delay as they have suffered from oppressive pretrial incarceration and extreme anxiety and concern, not only as to the outcome of these proceedings but also due to their separation from their children and families. *See Barker*, 407 U.S. at 532–33 ("The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not yet been convicted is serious. It is especially unfortunate to impose them on those persons who are

ultimately found to be innocent.") (footnotes omitted). Because Mr. Morton's competency issues may take months or even years to resolve, Ms. Wahhaj and codefendants Jany Leveille, Siraj Ibn Wahhaj, and Subhanah Wahhaj, respectfully move this Court for an order lifting the stay of proceedings as to them and setting a scheduling conference as soon as possible.

Not only would further delay prejudice Ms. Wahhaj and the other Moving Defendants' speedy trial right, but it would also violate their Fifth Amendment right to due process of law. It is a violation of due process to punish a pretrial detainee before a lawful conviction. *See United States v. Salerno*, 481 U.S. 739, 747 n.4 (1987) (recognizing that there is a "point at which detention in a particular case might become excessively prolonged, and therefore punitive in relation to Congress' regulatory goal"). The Tenth Circuit has held that detention of a criminal defendant pending trial violates due process when the detention is excessively prolonged and is not regulatory, but punitive. *See, e.g., Peoples v. CCA Det. Centers*, 422 F.3d 1090, 1106 (10th Cir. 2005), *opinion vacated in part on other grounds on reh'g en banc*, 449 F.3d 1097 (10th Cir. 2006); *United States v. Cos*, 198 F. App'x 727, 732 (10th Cir. 2006) (unpublished) ("[D]ue process may require a release from pretrial detention or, at a minimum, a fresh proceeding at which more is required of the government than is mandated by section 3142."), quoting *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986).

In this case, although the case has been declared complex, the Moving Defendants' pre-trial detention has been lengthy, approaching four years. Additional delay occasioned by Mr. Morton's ongoing competency issues will result in a violation of Moving Defendants' right to Due Process. Since Ms. Wahhaj, Jany Leveille, Siraj Ibn Wahhaj, and Subhanah Wahhaj have been found legally competent, any further delay as to them would dangerously imperil their Constitutional rights.

- 8 -

Ms. Wahhaj and her codefendants acknowledge that the stay was imposed at their counsels' request. Nonetheless, at the time the stay was entered, on February 18, 2020 (ECF No. 192), no one could have anticipated that competency proceedings would continue for over two more years. The stay was entered in the early days of the COVID-19 pandemic before anyone realized how seriously that pandemic would impact every facet of this case. Hujrah Wahhaj and Subhanah Wahhaj were found competent a year ago, and Jany Leveille was found competent four months ago. It is time for this case to move forward.

Ms. Wahhaj and her codefendants recognize that their cases are joined with Mr. Morton's and that this Court previously relied on the joinder to deny Siraj Ibn Wahhaj's motion to lift the stay as to him (ECF No. 250). However, Fed. R. Crim. P. 14(a) allows this Court to sever the competent defendants' trials from Mr. Morton's to prevent further prejudice to the Moving Defendants. *See United States v. Byrd*, 466 F. Supp. 2d 550 (S.D.N.Y. 2006) (in a racketeering conspiracy case, severing a non-capital defendant because he "expressly invoked speedy trial rights" and the government estimated that the capital-eligible codefendants' trial would be delayed for months while the government decided whether to seek the death penalty against them). As discussed above, continued delay of trial proceedings in this case will further prejudice Ms. Wahhaj and her co-defendants and thus severance is warranted.

## CONCLUSION

Wherefore, for the foregoing reasons, Hujrah Wahhaj, joined by Defendants Jany Leveille, Siraj Ibn Wahhaj and Subhanah Wahhaj respectfully move this Court for an Order lifting the stay of proceedings as to them and setting a scheduling conference to set deadlines for litigation.

Respectfully submitted,

*/s/ Theresa Duncan*
Duncan Earnest, LLC
222 East Marcy Street
Suite 1
Santa Fe, NM 87501
505-710-6586
teri@duncanearnest.com


*/s/ Donald F. Kochersberger III*
Donald F. Kochersberger III, Esq.
Business Law Southwest LLC
320 Gold Ave. SW, Suite 610
Albuquerque, New Mexico 87102-3299
505-848-8581
Donald@BusinessLawSW.com

Attorneys for Hujrah Wahhaj


## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing, and any attachments, with the Clerk of court for the U.S. District Court for the District of New Mexico by using the district's CM/DKT system on May 30, 2022. All participants are registered CM/DKT users and will be served by the district's CM/DKT system.


*/s/ Theresa M. Duncan*
Theresa M. Duncan