IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>) Criminal No. 18-2945 WJ<br>)<br>**JANY LEVEILLE**, )<br>**SIRAJ WAHHAJ,** )<br>**SUBHANAH WAHHAJ,** )<br>**HUJRAH WAHHAJ, and** )<br>**LUCAS MORTON** )<br>)<br>Defendants. ) | |

### PARTIALLY OPPOSED MOTION TO EXCEED PAGE LIMIT ON UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO SUPPRESS EVIDENCE

The United States respectfully moves this Court, pursuant to Rule 47.9 of the Local Rules of Criminal Procedure, for an order authorizing counsel to exceed the 24-page limit for motion responses, by approximately 22 pages, and as reasons therefore submit the following:

1. As filed, the defense motion to suppress evidence derived from a search warrant executed by the Taos County Sherriff's Office is 40 pages in length (38 pages of substantive text). *See* Doc. 471. The United States did not object to the Defendants' request to exceed their 27-page limit by 14 pages. *See* Doc. 466.

2. The defense motion seeks the suppression of all evidence seized from the Defendants' compound pursuant to a state search warrant executed on August 3, 2018, as well as all evidence derived from that search. Doc. 471 at 1. In short, the motion seeks to suppress a majority of all of the evidence in this case.

3. The defense motion raises several distinct legal arguments on which the Defendants contend evidence should be suppressed. Each of these legal arguments requires factually complex and detailed responses. In particular, the Defendants identify nine statements or alleged factual omissions as part of a challenge to the truthfulness of the search warrant affidavit under *Franks v.*

*Delaware*, 438 U.S. 154 (1978).  While it is relatively straightforward for the Defendants to make these allegations, responding to each of these allegations often requires deeper factual explanations or analysis to put the selective allegations of intentional or reckless falsehoods into proper context.

4. The defense motion includes approximately 35 pages of attached exhibits, and includes numerous factual claims and allegations based on those exhibits.  However, the motion excludes connected pages of those exhibits in the original and generally omits additional factual or evidentiary information related to those exhibits in making the *Franks* allegations.  Responding to the Defendants' motion is therefore necessarily fact-intensive, as providing context and correction to factual allegations often requires more, not less, written space.

5. In order to adequately respond to the legal arguments with corrected or supplemental facts, and therefore advocate against the suppression of what essentially amounts to the United States' entire case, the United States must exceed the current page limit.

6. The United States' response is due January 2, 2023.

Counsel for the Defendants do not oppose this request.  Counsel for the United States were unable to reach pro se Defendant Lucas Morton in time to obtain his position prior to the filing of this motion.  Therefore, the United States assumes Mr. Morton opposes.

For the foregoing reasons, the United States respectfully request that this Honorable Court issue an order authorizing counsel to exceed the page limit on the United States' response to the Defendants' motion to suppress evidence by 22 pages.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*<u>Electronically filed December 27, 2022</u>*
TAVO HALL
Assistant United States Attorney
P. O. Box 607
Albuquerque, NM 87103
(505) 224-1484

I HEREBY CERTIFY that the foregoing pleading was electronically filed, which caused counsel of record to be served by electronic means.

*/s/*_____
TAVO HALL