IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                   No. 1:18-CR-02945-WJ

JANY LEVEILLE, et al.,

        Defendants.

## MOTION FOR PRODUCTION OF ALLEGED CO-CONSPIRATOR STATEMENTS AND FOR PRE-TRIAL HEARING ON THEIR ADMISSIBILITY

Defendants Subhanah Wahhaj, through counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, and Justine Fox-Young, PC, by Justine Fox-Young, joined by Defendants Hujrah Wajjah, Jany Leveille, Siraj Wahhaj, and Lucas Morton, hereby respectfully moves the Court for the production of any and all alleged co-conspirator statements that the government seeks to introduce at trial under Fed. R. Evid. 801(d)(2)(E) in this matter and for a pre-trial hearing on the admissibility of those statements, and as grounds for the motion state as follows:

    **I.**      **Introduction**

On March 13, 2019, a grand jury returned a 7-count Superseding Indictment charging all five Defendants with Conspiracy to Provide Material Support to Terrorists, Conspiracy to Commit an Offense Against the United States, and Conspiracy to Commit Kidnapping. *See* Indictment, Counts 1, 4 and 6 [Doc. 85]. Defendants Leveille, Siraj Wahhaj, and Lucas Morton are also charged in Count 3 with Conspiracy to Murder an Officer or Employee of the Untied States. *Id.* All four conspiracies are alleged to have occurred sometime between October 2017 and August 2018. *Id.* The Indictment alleges various overt acts by each Defendant in furtherance of the conspiracies. Discovery reveals that Ms. Subhanah Wahhaj had little to no role in any of these

1

alleged conspiracies. It is believed the United States will allege each defendant played varying roles in these four conspiracies. Discovery reveals several potential hearsay statements made by some of the co-defendants.

Given that there are four separate conspiracies alleged, and five Defendants each alleged to have made several statements, Ms. Wahhaj requests the Court order the government to produce any co-conspirator statements it intends to use against her or any other Defendant at trial and to conduct a *James* hearing to determine if sufficient evidence exists to introduce any such statements against Ms. Wahhaj or any other Defendant. Requiring the government to produce these statements and conducting a pretrial hearing will conserve valuable judicial resources during the trial of this matter. The United States previously provided notice of statements on October 15, 2019. *See* Notice [Doc. 156]. Ms. Wahhaj requests any additional or supplemental statements be produced, and a hearing be conducted.

II. **The Court should require the government to promptly produce any alleged co-conspirator statements it seeks to introduce at trial and should hold a pre-trial hearing on the admissibility of those statements.**

The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay evidence is not admissible. *See* Fed. R. Evid. 802. The government may hurdle the barrier of the hearsay rule in some cases with testimony from a co-conspirator. *See United States v. Owens*, 70 F.3d 1118, 1125 (10th Cir.1995). Rule 801(d)(2)(E) excludes from the definition of hearsay "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy."

To admit out-of-court statements by co-conspirators as non-hearsay pursuant to rule

2

801(d)(2)(E), the United States must demonstrate by a preponderance of the evidence that: (i) a conspiracy existed; (ii) the declarant and the defendant were members of that conspiracy; and (iii) the statements that the United States seeks to admit were made during the course and in furtherance of the conspiracy. *See United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir. 1997); *United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir. 1990). "Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E) . . . [t]here must be evidence that there was a conspiracy involving the declarant and the non-offering party, and that the statement was made in the course and in furtherance of the conspiracy." *Bourjaily v. United States*, 107 S.Ct. 2775, 2778 (1987). The existence of the conspiracy and the defendant's involvement in that conspiracy are preliminary questions of fact that, under Rule 104 of the Federal Rules of Evidence, must be resolved by the court. *Id.*; *see also United States v. Warman*, 578 F.3d 320, 336 (6th Cir. 2009) ("On the question of admissibility, the court is tasked with making specific findings on each of the Rule 801(d)(2)(E) elements with respect to the contested statements.") .

In determining the admissibility of co-conspirator statements, "[t]he strongly preferred order of proof" is for the district court to hold a hearing "outside the presence of the jury to determine by a preponderance of the evidence the existence of a predicate conspiracy." *See United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994); s*ee also United States v. James*, 590 F.2d 575 (5th Cir. 1979). A failure to make the required factual findings before admitting evidence of a co-conspirator's statements under Fed. R. Evid. 801(d)(2)(E) is an abuse of discretion. *See United States v. Perez*, 989 F.2d 1574, 1581 (10th Cir.1993) (en banc).

> **A. The court must make preliminary factual determinations on the basis of independent evidence as to whether a conspiracy existed and as to whether Mr. Sanchez was a member.**

In order to admit any statements under the hearsay exception contained in Rule

3

801(d)(2)(E), the Court must first find, by a preponderance of evidence, that a conspiracy existed. The Court must also find, by a preponderance of the evidence, that the Mr. Sanchez was a member of the conspiracy before proceeding to determine whether any statements are admissible as co-conspirator statements. *See Bourjaily*, 483 U.S. at 177-81. "The preliminary question of the existence of a conspiracy and the defendant's participation in it may also coincide with an ultimate question of fact for the jury if a conspiracy is charged in the indictment. Nevertheless, the fact-finding responsibilities of the judge and jury are distinct." *United States v. Enright*, 579 F.2d 980, 985 (6th Cir. 1978). In making its preliminary factual determination as to whether a conspiracy exists, the court may consider the co-conspirator statement sought to be admitted as evidence of the conspiracy; however, the proffered co-conspirator statement alone is not sufficient to establish the existence of a conspiracy. *See* Fed. R. Evid. 801(d)(2)(E); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir.1996).

The government must also submit "some independent evidence linking the defendant to the conspiracy." *United States v. Martinez*, 825 F.2d 1451, 1453 (10th Cir.1987)). The Tenth Circuit has defined "independent evidence" as "evidence other than the proffered coconspirator statements themselves." *Id.* at 1451. This independent evidence must be more than a mere buyer seller relationship with the alleged co-conspirators because there is not a common purpose. *United States v. Jones*, 2016 WL 561895, at *2 (N.D. Ill. Feb. 12, 2016) (quoting *United States v. Johnson*, 437 F.3d 665, 675 (7th Cir. 2006) ("Evidence that the defendant was in a mere buyer-seller relationship with the alleged coconspirator is insufficient to establish a conspiracy."); *United States v. Cruse*, 805 F.3d 795, 811 (7th Cir. 2015)).

### B. The Court must determine whether statements were made during the course of the conspiracy and in furtherance of the conspiracy.

If the Court determines that the first two requirements are met, it then proceeds to the third requirement for Rule 801(d)(2)(E) admissibility, which has two parts. First, the statement in question must have been made "during the course" of the conspiracy. Second, the statement must have been made "in furtherance of the conspiracy." "A coconspirator statement is made 'during the course' of the conspiracy if it is made before the objectives of the conspiracy have either failed or been achieved." *Owens*, 70 F.3d at 1126 (quoting *Perez*, 989 F.2d at 1579). A statement is "in furtherance of the conspiracy" if it is "intended to promote the conspiratorial objectives." *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir.1986).

The Tenth Circuit has emphasized that "Rule 801(d)(2)(E) is a 'limitation on the admissibility of co-conspirators' statements that is meant to be taken seriously" and has highlighted "the need to protect the accused against idle chatter of criminal partners as well as inadvertently misreported and deliberately fabricated evidence." *Perez*, 989 F.2d at 1578. (emphasis in original).

The Tenth Circuit has also held that statements are not in furtherance of the conspiracy if they are "mere narratives," that is "statements relating to past events, even those connected with the operation of the conspiracy, where the statement serves no immediate or future conspiratorial purpose. *See United States v. Wolf*, 839 F.2d 1387, 1393 (10th Cir.), *cert. denied*, 488 U.S. 923 (1988); *United States v. Roberts*, 14 F.3d 502, 514-515 (10th Cir.1993); *see also United States v. Foster*, 711 F.2d 871, 880 (9th Cir.1983), *cert. denied*, 465 U.S. 1103 (1984) (noting that "mere narrative declarations" made without the intent to induce assistance for the conspiracy do not fall within the "strict requirements" of Rule 801); *United States v. Darwich*, 337 F.3d 645, 657-658

(6th Cir.2003) (oberserving statements by the defendant's nephews about the amount of marijuana they had packaged the previous evening were casual conversation and not made "in furtherance" of the conspiracy); *United States v. Cornett*, 195 F.3d 776, 782-784 (5th Cir.1999) (finding prejudicial error in admission of statements implicating defendant made regarding "such diverse issues as the bowling prowess of certain friends and relatives, the appearance of some of the patrons at the bowling alley, the merits of certain designer outfits and the respective talents of certain exotic dancers"); *United States v. Mitchell*, 31 F.3d 628, 632 (8th Cir.1994) (holding that a statement that "simply informs a listener" of speaker's criminal acts does not satisfy the in-furtherance requirement); *United States v. Urbanik*, 801 F.2d 692, 698-99 (4th Cir.1986) (finding prejudicial error in admission of statement identifying defendant as a marijuana connection, which was "merely a casual aside"). "A declarant's statement explaining the current status of the conspiracy is 'in furtherance' of that conspiracy only if the addressee is also a co-conspirator." *See United States v. Weaver*, 507 F.3d 178, 185–186 (3d Cir. 2007).

In the case at hand, there are four alleged conspiracies spanning approximately 10 months, five defendants, and dozens of statements. Therefore, the government should identify and produce any co-conspirator statements that it intends to introduce at trial and this Court should hold a hearing to ascertain the admissibility of those statements, whether there was independent evidence that a conspiracy existed and that Ms. Wahaj or any other Defendant was a member, and whether any statements made were during the course of the conspiracy and in furtherance of the conspiracy.

**III.   Conclusion**

Wherefore, for the foregoing reasons, Ms. Wahhaj respectfully requests that the Court order the Government to promptly produce the alleged co-conspirator statements it intends to

6


introduce at trial in this matter. Furthermore, Ms. Wahhaj requests that the Court hold a pre-trial hearing in order to make findings with regard to the admissibility of these statements under Rule 801(d)(2)(E).

                                Respectfully submitted,
                                The Law Office of Ryan J. Villa

By:   /s/ *Ryan J. Villa*
       RYAN J. VILLA
       5501 Eagle Rock Ave NE, Suite C2
       Albuquerque, New Mexico 87113
       (505) 639-5709
       (505) 433-5812 (fax)
       ryan@rjvlawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on February 3, 2023, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Ryan J. Villa*
RYAN J. VILLA