IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | |
| )  | |
| Plaintiff,          ) | |
| )  | |
| vs.          ) | Cr. No. 18-CR-2945 WJ |
| )  | |
| JANY LEVEILLE,          ) | |
| SIRAJ WAHHAJ,          ) | |
| SUBHANAH WAHHAJ,          ) | |
| HUJRAH WAHHAJ, and          ) | |
| LUCAS MORTON,          ) | |
| )  | |
| Defendants.          ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT SUBHANAH WAHHAJ'S MOTION TO DISMISS BASED ON A
VIOLATION OF HER CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL**

Defendant Subhanah Wahhaj ("Subhanah" or "Defendant") asks the Court to dismiss the charges against her in this case, with prejudice, based on an alleged violation of her right to a speedy trial under the Sixth Amendment to the U.S. Constitution. For the reasons set forth below, the United States opposes this motion and respectfully requests that it be denied.

### I.  FACTUAL BACKGROUND

As an overview, this Court has already considered and denied a similar motion based on the same arguments by one of the co-defendants in this case (and the lone co-defendant who did not go through competency evaluations), Siraj Wahhaj. *See* Doc. 388. The Court issued that decision on February 11, 2022.

1

In the year since then, this Court has concluded competency proceedings for all other co-defendants, many of which were contested, including for Defendant Subhanah Wahhaj, heard multiple requests by multiple co-defendants for dismissal of counsel and appointed several new defense counsel in this case, lifted the stay of proceedings put in place while competency determinations were ongoing, issued a trial scheduling order based in part on the input of all five defendants, and has timely ruled on several pre-trial motions. In addition, the Court granted one defendant's request to proceed pro se, and another defendant filed an interlocutory appeal in the Tenth Circuit. These events exemplify the complexities of this case, but they also demonstrate the lack of merit in the Defendant's instant motion claiming speedy trial violations warranting dismissal with prejudice. The factual background is provided in more detail below.

### A. The Initial Proceedings

The United States initiated this case by complaint filed on August 31, 2018, charging Subhanah Wahhaj and the four other Defendants with a violation of 18 U.S.C. § 371, conspiracy to provide firearms to a person unlawfully in the United States, and 18 U.S.C. § 922(g)(5) and § 2, illegal possession of a firearm by a person unlawfully in the United States and aiding and abetting. Doc. 1. This was followed by an indictment charging the same offenses, filed on September 11, 2018. Doc. 25. The Defendants were arrested on August 31, 2018, and first appeared before a judicial officer of this Court on September 4, 2018. Doc. 13. They were arraigned on September 12, 2018, and the detention hearing was concluded with an order detaining them pending trial. Docs. 32, 33, 38. On October 3, 2018, the Court granted an unopposed motion for complex case designation, Doc. 49, and subsequently entered a stipulated scheduling order, setting trial for April 13, 2020. Doc. 74. On December 17, 2019, the Court

entered a second stipulated scheduling order, continuing trial until October 19, 2020.  Doc. 172.

B.  **The Pending Charges**

On March 13, 2019, the Grand Jury returned a seven-count superseding indictment against all five Defendants, alleging violations of 18 U.S.C. §§ 371 (Conspiracy to Commit an Offense Against the United States), 922(g)(5) (Possession of Firearms by a Person Unlawfully in the United States), 1117 (Conspiracy to Murder an Officer or Employee of the United States), 1201 (Kidnapping), 2339A (Providing Material Support to Terrorists), and 2339A (Conspiracy to Provide Material Support to Terrorists).  Doc. 85.  Subhanah and Hujrah Wahhaj are charged with all but Count 3 in the superseding indictment.  The conspiracy counts allege common facts, namely, among other things, that Defendants sought to accomplish their conspiracies by gathering firearms and ammunition; by transporting personnel, firearms, and ammunition across state lines; by constructing and maintaining a training compound; by storing firearms and ammunition in the training compound; and by constructing and maintaining a firing range and engaging in firearms and tactical training with other members of the compound.  Doc. 85 at 2-3.  The co-conspirators also are alleged to have committed a number of overt acts in furtherance of their conspiracies.

C.  **The Competency Evaluations and Resulting Stay of Proceedings**

Despite the filing of the superseding indictment, this case proceeded along the parties' stipulated trial schedule with trial to begin April 13, 2020.  *See* Doc. 95.  However, on June 19, 2019, the Court set a hearing on Defendant Jany Leveille's sealed *ex parte* motion to seek a competency evaluation.  Doc. 112.  The Court held the hearing on September 23, 2019, to address Defendant Jany Leveille's competency.  Doc. 150.  On October 17, 2019, the Court

3

issued an order committing Defendant Jany Leveille to the Bureau of Prisons ("BOP") for further competency evaluation and treatment. Doc. 159.

Since mid-January 2020, three other Defendants in succession, to include Subhanah Wahhaj through current defense counsel, moved for competency evaluations. *See* Docs. 174, 176, 179. The Court ordered each to be committed to BOP for competency evaluations: Defendant Hujrah Wahhaj, on February 3, 2020, (Doc. 181); Defendant Subhanah Wahhaj, on February 10, 2020, (Doc. 187); and Defendant Lucas Morton, on February 10, 2020, (Doc. 188). In addition, the Court subsequently ordered Defendant Jany Leveille to remain committed to BOP for further treatment. Doc. 194.

On February 11, 2020, all five Defendants, including Subhanah Wahhaj through current defense counsel, joined in a motion to a stay all proceedings in this case pending the conclusion of the competency evaluations for the four Defendants undergoing them. Doc. 189.

On February 18, 2020, the Court granted this joint defense motion to stay all proceedings until resolution of pending competency determinations. Doc. 192. The Court stated it would request the parties propose a new scheduling order "once all evaluations are completed at the Bureau of Prisons."[1] *Id.*

On August 5, 2020, the Court granted a motion finding Defendant Lucas Morton incompetent and committed him to BOP to determine whether he could be restored to competence. Doc. 243.

---

[1] True to its word, on October 22, 2022, the Court held a scheduling conference to receive input from all five Defendants and the prosecution regarding a new scheduling order. *See* Doc. 463 (Clerk's Minutes—Scheduling Conference). This scheduling conference was set the very same day the Court issued its order finding the final remaining defendant, Lucas Morton, competent to stand trial. *See* Docs. 461, 462 (both issued October 3, 2022).

On August 28, 2020, believing the issue to be administrative in nature, the United States filed a motion for a pretrial conference pursuant to Section 2 of the Classified Information Procedures Act.  Doc. 255.  However, all five Defendants, including Subhanah Wahhaj, filed a joint "objection" to this motion, claiming the motion was a violation of the stay that the Defendants had requested to be put in place, and because they could not discuss the matters related to the CIPA Section 2 conference with their counsel until the final resolution of their competency proceedings.  Doc. 260.

On September 28, 2020, the Court issued a memorandum opinion and order denying the United States' motion to conduct the CIPA Section 2 conference.  Doc. 266.  The Court reasoned that the Defendants may have an interest in being present for, or at least discussing the matters related to, the CIPA Section 2 conference with their attorneys, and since the Defendants were in competency evaluations and had sought and obtained a stay of all proceedings, even the CIPA Section 2 scheduling conference should not be held until all Defendants were able to participate. *Id.*  Presciently, the Court also made a point to note that "both parties have now taken the positions that the delays in this case are justified," including all Defendants, who "have now advanced the position that due process requires that not even a pretrial conference should proceed without all Defendants being fully available." *Id.* at 5-6.

On May 26, 2021, the Court found Subhanah Wahhaj competent to stand trial.  Doc. 309. The Court found Hujrah Wahhaj competent to stand trial two days later, on May 28, 2021.  Doc. 311.  On the same day, the Court entered an order extending Defendant Lucas Morton's commitment to BOP to determine whether he can be restored to competency, per the treating psychologist's request.  Doc. 310.

On November 3, 2021, Siraj Wahhaj filed a motion to dismiss based on an alleged violation of his constitutional speedy trial rights.  Doc. 350.

On January 19, 2022, the Court found Jany Leveille restored to competency to stand trial.  Doc. 387.

On February 11, 2022, the Court entered an order denying Defendant Siraj Wahhaj's motion to dismiss based on a violation of his constitutional speedy trial rights.  Doc. 388.  In doing so, the Court noted that Siraj had been the lone defendant to not have a competency evaluation, although he had joined in the Defense's request for a stay of all proceedings until competency had been resolved for all Defendants.  *Id.* at 2-3.  The Court also noted Siraj had, at the time of deciding his motion, filed five separate "notices" asserting his constitutional right to a speedy trial.  *Id.* at 3.  After applying the four factors from *Barker v. Wingo*, 407 U.S. 514 (1972), the Court found Siraj's constitutional right to a speedy trial was not violated, and it denied the motion.

On May 30, 2022, four Defendants filed a motion to lift the stay of proceedings, which the Court had put in place at the Defendants' joint request until all competency evaluations were complete, despite the fact that co-Defendant Morton was scheduled for a final competency hearing a few weeks later (and thus had yet to have his competency issue resolved).  Doc. 416.

On July 20 and 22, 2022, the Court conducted a competency hearing for Defendant Morton, which included testimony from several witnesses.  *See* Doc. 445.  On September 13, 2022, Morton and the United States filed their respective proposed findings of fact and conclusions of law.  *See* Docs. 459, 460.

On October 3, 2022, the Court issued its order finding Morton competent to stand trial,

and on the same day set a hearing for a scheduling conference for all five Defendants and the United States. Docs. 461, 462.

On October 12, 2022, the Court held the scheduling conference. During the conference, the United States estimated that this case could be ready for trial in the Fall of 2023. Doc. 463 at 1. Counsel for every Defendant agreed that Fall of 2023 was a reasonable estimate, except counsel for Siraj Wahhaj, who believed trial in late 2023 or early 2024 was more appropriate. *Id.* at 2.

On October 14, 2022, the Court lifted the stay of proceedings, as competency evaluations had been resolved for all Defendants. Doc. 464.

On November 11, 2022, after consultation between the parties and the filing of competing versions of proposed scheduling orders (to include a change by some Defendants from the scheduling conference and a request to begin trial in May 2023), the Court issued the existing scheduling order, ultimately setting trial to begin September 25, 2023. Doc. 529.

**D. The Court's Overlapping General Stay of Proceedings Because of the COVID-19 Outbreak**

On March 13, 2020, this Court issued Administrative Order 20-MC-00004-9, which included a directive that effective March 16, 2020, all jury trials scheduled before April 10, 2020, in the District of New Mexico be continued pending further order of the Court. Administrative Order 20-MC-00004-9, at 1 ¶ 1. This order was entered in response to the ongoing coronavirus pandemic and was based on, among other things, the Centers for Disease Control and Prevention's report that the spread of COVID-19 is considered a pandemic, the President's declaration of a national emergency, and the New Mexico Governor's declaration of

a state of public health emergency. *See id.* at 1. This order was based in part on findings of a "reduced ability to obtain an adequate spectrum of jurors and the effect of the public health recommendations on the availability of counsel and Court staff to be present in the courtroom[.]" *Id.* at 2. The Court further ordered that the time period of the continuances implemented by the order be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

The Court extended its original stay of proceedings in a sequence of administrative orders entered on March 31, 2020 (Administrative Order, No. 20-MC-00004-15); April 27, 2020 (Administrative Order No. 20-MC-00004-17); May 19, 2020 (Administrative Order No. 20-MC-00004-19); July 6, 2020 (Supplemental Administrative Order No. 20-MC-00004-27); November 18, 2020 (Supplemental Administrative Order No. 20-MC-00004-39); December 21, 2020 (Supplemental Administrative Order No. 20-MC-00004-49); and on January 31, 2021 (Supplemental Administrative Order No. 21-MC-00004-4). Ultimately, however, by October 2022, proceedings in this case were no longer stayed because of the COVID-19 pandemic or for any reason other than unresolved competency proceedings.

## II. LAW & ARGUMENT

No Defendant's Sixth Amendment speedy trial rights have been violated, especially a Defendant such as Subhanah Wahhaj, who sought and underwent a competency evaluation, requested a stay of all proceedings until both hers and all other competency determinations for all other Defendants were complete, and who refused to allow even a pretrial CIPA scheduling conference to proceed in this case until all competency determinations were complete.

The Sixth Amendment of the United States Constitution states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Am. VI.

A Sixth Amendment speedy trial claim is assessed by balancing the four factors articulated in *Barker v. Wingo*. They are: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the delay prejudiced the defendant. *Id.* at 530. No single factor is determinative or necessary. *United States v. Seltzer*, 595 F.3d 1170, 1176 (10th Cir. 2010). All four factors are considered when determining whether a violation has occurred. *Id.*

### A. The Length of Delay Is Reasonable.

The length of delay inquiry is a "double inquiry." *United States v. Black*, 830 F.3d 1099, 1111 (10th Cir. 2016). First, to trigger a speedy trial analysis, the defendant must allege that the interval between accusation and trial has become "presumptively prejudicial." *Id.* Delays around one year generally satisfy the requirement of "presumptive prejudice." *United States v. Batie,* 433 F.3d 1287, 1290 (10th Cir. 2006). If the defendant makes a showing of "presumptive prejudice," the court then must consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. *Black*, 830 F.3d at 1112. Additionally, a court may conclude that a lengthy delay is reasonable. *Seltzer*, 595 F.3d at 1176. The reasonableness of a delay is dependent on the particular circumstances of the case, to include assigning weight to the length of time compared to the complexity of the case. *Id.*; *see also United States v. Koerber*, 10 F.4th 1083, 1109–10 (10th Cir. 2021) (finding delay of seven years did not violate Sixth Amendment where defendant did not assert Sixth Amendment right until after much of delay had occurred); *United States v. Nixon*, 919 F.3d 1265, 1270 (10th Cir. 2019).

Here, Defendants' delay is presumptively prejudicial because it has been more than a year since the Indictment charging them was unsealed and they were arraigned. The inquiry, of course, does not end there. Next, the Court must decide how much weight to assign the delay, considering the length of time and the complexity of the case in order to determine if the delay exceeds the bare minimum for judicial examination of the claim. *See Nixon*, 919 F.3d at 1270. In doing this analysis, the Court must gauge the delay based on the simplicity or complexity of the federal charge or charges. *See id.*

Here, the Court already has found that the case is complex enough to warrant delay. In its August 13, 2020, order denying Siraj Wahhaj's motion to lift the stay of proceedings, this Court found that "while the length of delay in this case is two years, it is not an unreasonable period of time for a case as complex as this one." Doc. 250 at 8. In its February 11, 2022, order denying Siraj Wahhaj's motion to dismiss on constitutional speedy trial grounds, this Court found "that a forty-one-month delay for a conspiracy case of this complexity and magnitude is not unreasonable." Doc. 388 at 5. The reasoning for these findings has still not changed—the complexity remains the same, if not substantially increased by defense-initiated litigation—and the "delay" at this point is merely the orderly march to trial under the governing scheduling order, which the Defendants all initially agreed to before changing tune in time to file speedy trial motions such as the instant one.

Defendants have also acknowledged the complexity of this case and have stipulated to, if not outright demanded, a delay of proceedings more than once. As noted above, this case was declared complex by stipulation of the parties on October 3, 2018. Doc. 49. The case involves five defendants and a seven-count indictment, which includes three conspiracy counts. Doc. 85.

10

Count One, Conspiracy to Provide Material Support to Terrorists, alleges sixteen overt acts over a lengthy period of time. Doc. 85. Subhanah Wahhaj faces six separate charges: alleging violations of 18 U.S.C. §§ 2339A (Conspiracy to Provide Material Support to Terrorists); 2339A (Providing Material Support to Terrorists); 371 (Conspiracy to Commit an Offense Against the United States); 1201 (Kidnapping Resulting in Death); and 1201 (Conspiracy to Commit Kidnapping Resulting in Death). Doc. 85. The minimum punishment for a conviction of either of the § 1201 counts is life imprisonment.

Even before they were charged by superseding indictment, which added two additional conspiracy counts, Defendants acknowledged this is a complex case. Doc. 48. On December 11, 2018, still before the superseding indictment, Defendants again acknowledged the complexity of this case when they stipulated to a scheduling order that set a trial date of April 13, 2020, more than 16 months out. Doc. 74. The Defendants were again party to a second stipulated scheduling order, dated December 17, 2019, that set a trial date of October 14, 2020. Doc. 172. This second stipulated scheduling order was based on the Defendants' Joint Motion to Vacate the Trial and the Amended Scheduling Order and Impose a Second Scheduling Order, filed on November 12, 2019. Doc. 167.

In addition, discovery in this matter is voluminous and complex. As Siraj Wahhaj stated in a motion seeking use of a laptop computer, the discovery includes "over 100,000-plus pages" and "numerous audio and video files, including files from Cell Phones, Laptops, Yahoo, Google, Facebook and other social media applications that do not translate well to paper." Doc. 68. The volume and complexity of discovery was one of the apparent bases for the lengthy scheduling orders to which the Defendants, including Subhanah Wahhaj, stipulated. Docs. 74, 172. In

complaining about when some of this discovery was produced to the Defendants in the instant motion, Defendant Subhanah Wahhaj merely reiterates the voluminous and complex nature of discovery in this case. *See* Doc. 603 at 2-4. Finally, even the competency determinations in this case have been complex. Defendant Leveille required extended time and treatment to be restored to competency; Subhanah Wahhaj's competency was contested before the Court ultimately found her competent; and Lucas Morton required extended time for evaluation before a multi-day contested competency hearing and the Court's ultimate determination of his competence.

Given the complexity of this case, the additional delay since the Court's last denial of a speedy trial claim can be tolerated. *See Barker*, 407 U.S. at 531 ("the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."). Although longer than the one-year period giving rise to "presumptive prejudice," the delay here has been, and continues to be, reasonable. *See Batie*, 433 F.3d at 1290-91 (a seventeen-and-a-half-month delay supported the defendant based on the simplicity of the federal charge).

**B.     The Reasons for the Delay Weigh in Government's Favor.**

Even if the Defendant can show "presumptive prejudice," the reasons for delay weigh much more heavily in favor of the Government and do not establish a violation of her Sixth Amendment speedy trial rights.

On one hand, deliberate attempts by the government to delay the trial in order to hamper defendants would be weighted heavily against the government. *Barker*, 407 U.S. at 531. Similarly, reasons for delays weigh against the government in proportion to the degree to which the government actually caused the delay. *Batie*, 433 F.3d at 1291.

12

On the other hand, delays that are attributed to motions filed or continuances (and, seemingly, stays of all proceedings) sought by a defendant are not attributable to the government at all. *Id.* "Where the defendant's actions were the primary cause of the delay, the second factor weighs heavily against him." *United States v. Banks*, 761 F.3d 1163, 1183 (10th Cir. 2014) (quoting *United States v. Larson*, 627 F.3d 1198, 1208 (10th Cir. 2010)).

Here, the Government has done nothing to delay the trial in order to hamper any Defendant, including Subhanah Wahhaj. Rather, all delay in this case can be attributed to the Defendants' joint stipulations, their joint motions to stay, or other factors outside of the Government's control, specifically, the COVID-19 pandemic. To be clear, Defendant Subhanah Wahhaj asked for, and subsequently received, a competency evaluation along with three of her co-defendants, followed by a second evaluation by a second evaluator. Doc. 228. Although she now claims even the initial competency evaluation request was done against her wishes, Doc. 603 at 4, the Court and the Government certainly had no way to know that at the time the request was made.

Even if it was known, legitimate questions of competency, which there were plenty in this case, including for Subhanah Wahhaj, are questions that obviously must be resolved as a matter of due process before trying a person for serious crimes. It is illogical that preservation of a person's constitutional right to due process could constitute a violation of the same person's constitutional right to a speedy trial. Thus, in the end, it's irrelevant what the Defendant herself thinks of her competence when there are legitimate questions raised to the Court. Subhanah Wahhaj's about-face on her "wishes" for competency evaluations does not change the fact that

13

her evaluation was properly sought, and the delay it caused was both reasonable and defense-caused.[2]

Notably, when the Government tried to accomplish some measure of progress in this case while the Defendants were undergoing competency evaluations by moving for a CIPA Section 2 conference, the Defendants, including Subhanah Wahhaj, objected.  Instead of progress, the Defendants took the position that due process required that *no proceedings*, to include a largely administrative CIPA Section 2 conference, could take place until all Defendants' competency issues were resolved.  Doc. 266 at 6.  Given the risk that the Defendants claimed about suffering prejudice from any proceeding taking place while they were in competency evaluations, the Court had little choice but to accept the Defendants' objections and enforce the stay they had requested.  *Id.*  Having been asserted in September 2020, early in the competency evaluation process, the Defendants' objections to progress and the Court's acceptance of those objections set the tone for the continuation of the stay throughout the remainder of the Defendants' competency determinations.  This is additional stark evidence that the delays in this case were primarily defense-caused.

Again, Defendant Subhanah Wahhaj signed on to the full duration of the delay she now complains of: she signed on to the scheduling order scheduling trial for April 13, 2020, as well as to the amended scheduling order setting trial for October 14, 2020.  Docs. 74, 172.  The Government cannot be held to account for any delay beyond October 14, 2020.  She joined all of her co-Defendants in signing on to a defense motion seeking a stay in this case "while the

---

[2] Under the Model Rules of Professional Conduct, a request that a court order a defendant evaluated for competence, which is essentially a request to ensure due process violations will not ensue by proceeding in a case, falls squarely within the purview of an attorney's scope of representation of a client, and is not something a client is entitled to dictate.  *See* Model Rule 1.2.

pending competence issues involving four clients are resolved." Doc. 189. Those competence issues were not fully resolved until October 2022, at which time the Court lifted the stay and immediately set about scheduling trial. As a matter of logic, the Government cannot be held to account for delay caused by a stay to which the Defendants not only agreed to and asked for, but to which they vehemently defended while objecting to any progress, however trivial, in this case.

      Nevertheless, even if Subhanah Wahhaj had not agreed to all delays thus far in this matter, the reasons for the delay are reasonable. As the Defendants have acknowledged more than once, delay of trial is necessary to give the defense sufficient time to review and process the voluminous and complex discovery in this matter and to conduct their own investigation of the complex charges and factual allegations. Delay for the purpose of ensuring the competence of all five Defendants is also necessary, and, as this Court already has found, the trial of the Defendants together "will involve a common set of operative facts relevant to the defendants' conspiracy with respect to those facts" and "is both proper and necessary" to "promote economy and efficiency" and avoid "multiplicity of trials without causing" "substantial prejudice to the right of the defendants to a fair trial." Doc. 250 at 15 (citing *Bruton v. United States*, 391 U.S. 132, 131 n.6 (1968) and *United States v. Gray*, 173 F. Supp. 2d 1, 10 (D.D.C. 2001) (discussing the general presumption in favoring joinder to "preserve judicial resources and permit the jury to have a complete view of the evidence as possible"). Finally, if any delay was caused by the COVID-19 pandemic, such delay cannot be attributed to the Government with any weight to make a difference in the overall analysis of this factor.

    **C.**    **Defendants Did Not Timely Assert Their Right to a Speedy Trial.**

      The Tenth Circuit has stated that "[p]erhaps most important is whether the defendant has actively asserted his right to a speedy trial." *Batie*, 433 F.3d at 1291. The court in *Batie*

...

continued by stating that, "This is not satisfied merely by moving to dismiss after the delay has already occurred … [t]he question, instead, is whether the defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch." *Id*.  Additionally, the Court may weigh the frequency and force of the objections.  *Black*, 830 F.3d at 1120.  In fact, the Tenth Circuit has stated that failure to assert a Sixth Amendment speedy trial right until after a twenty-month delay was a nearly "fatal blow" to claims of constitutional deprivation.  *United States v. Stine*, 664 Appx. 697, 702 (10th Cir. 2016).

Here, on one hand, Siraj Wahhaj is the only Defendant who did not seek competency evaluations and can be said to have asserted speedy trial rights with any credibility.  The Court has already denied a similar motion alleging speedy trial violations by him.  *See* Doc. 388.

On the other hand, Subhanah Wahhaj not only sought a competency evaluation, a second competency evaluation, a stay of proceedings during the evaluations of her and her three co-defendants, and fought against any proceedings taking place during that stay, she also did not first assert her Sixth Amendment speedy trial rights until April 6, 2022.  Doc. 404.  This assertion came nearly four years—about forty-three (43) months (1,327 days)—after her first arraignment, and twenty-six (26) months after moving the Court for a stay of proceedings to pursue competency evaluations for herself and three of her co-defendants.  Doc. 189.  This covers over 82% of her time in custody before making an assertion, based on the days stated in the Defendant's motion, *see* Doc. 603 at 5.  Similarly, co-Defendant Hujrah Wahhaj did not first assert her Sixth Amendment speedy trial rights until April 8, 2022, Doc. 407, while co-Defendants Lucas Morton and Jany Leveille did not do so until October 23 and October 31, 2022, respectively (Docs. 473, 488).  The Defendant's late assertion of her speedy trial rights fatally undermines any claim of constitutional deprivation.

As the court stated in *Batie*, a defendant cannot just wait to assert this right. Here, Subhanah Wahhaj waited years to assert her speedy trial right, after agreeing to reasonable delays in a complex case that was further complicated by serial competency issues and a multi-year, ongoing, world-wide pandemic. She also strenuously defended the primary cause of the vast majority of all delay—the stay of proceedings—by asking the court to not hold even an administrative CIPA conference while competency evaluations were ongoing. The Defendant's lack of timely assertion also weighs in favor of the United States.

### D. Delay Does Not Prejudice Defendant.

Finally, the defendant bears the burden of showing prejudice to establish a violation of the Sixth or Fifth Amendments. *United States v. Toombs*, 574 F.3d 1262, 1275 (10th Cir. 2009). The defendant must make a particularized showing of prejudice. *Jackson v. Ray*, 390 F.3d 1254, 1264 (10th Cir. 2004). The Court considers this by assessing the three interests that "the speedy trial right was designed to protect": (i) prevention of oppressive pretrial incarceration, (ii) minimization of the accused's anxiety and concern, and (iii) minimization of the possibility that a delay will hinder the defense. *Id.* Of these, hindrance of the defense is the "most serious." *Barker*, 407 U.S. at 532. The Defendant claims that all three have occurred. Doc. 603 at 11. The Tenth Circuit has "looked with disfavor on defendants' hazy descriptions of prejudice, and required criminal defendants to show definite and not speculative prejudice." *United States v. Margheim*, 770 F.3d 1312, 1331 (10th Cir. 2014).

Here, Subhanah Wahhaj's generalized allegations of prejudice are unavailing. Essentially, she argues that the length of the detention and the fact that the Covid-19 pandemic has taken place during this time are, in and of themselves, the basis for the Defendant's claims of oppressive pretrial incarceration and "anxiety and concerns." Doc. 603 at 11-12. While the

17

length of delay in this case has been longer than in most cases, as articulated above given the complexity of the case, the defense-caused competency and stay events, and defense positions taken during most of the delay, the delay is neither unreasonable nor excessive in this case.

Beyond that, Subhanah Wahhaj does not assert in her motion that her defense has been hindered by the delay, which is the most important of the three concerns underlying *Barker*'s prejudice prong. Thus, the Defendant cannot meet her burden of showing particularized prejudice, as her defense "has not been hindered in the sense envisioned by the *Barker* analysis." *Toombs*, 574 F.3d at 1275; *see also Castro v. Ward*, 138 F.3d 810, 820 (10th Cir. 1998) (concluding no prejudice existed where despite a general allegation that the delay made it more difficult to present a defense, there is no claim "that any specific witness or evidence was somehow rendered unavailable or less persuasive because of the passage of time"). The Court should therefore find that the prejudice factor does not weigh in favor of the Defendant because she is not materially prejudiced by the delay.

Trial is currently scheduled for September of this year. Notably, several Defendants, including Subhanah Wahhaj, have already asked for (and the Government has not opposed) extensions of the first major milestone in the Court's scheduling order—the motion deadline for filing pretrial motions under Federal Rule of Criminal Procedure 12(b). Given the amount of delay the Defendants have already requested or agreed to in this case (and which the Court has already determined did not compel relief under the Constitution), an orderly march to trial scheduled for this year does not suddenly amount to a constitutional speedy trial violation.

### III. CONCLUSION

The Defendant has failed to show there was a violation of her Sixth Amendment right to a speedy trial. A balancing of the four factors articulated in *Barker v. Wingo* clearly weighs in

length of delay in this case has been longer than in most cases, as articulated above given the complexity of the case, the defense-caused competency and stay events, and defense positions taken during most of the delay, the delay is neither unreasonable nor excessive in this case.

Beyond that, Subhanah Wahhaj does not assert in her motion that her defense has been hindered by the delay, which is the most important of the three concerns underlying *Barker*'s prejudice prong. Thus, the Defendant cannot meet her burden of showing particularized prejudice, as her defense "has not been hindered in the sense envisioned by the *Barker* analysis." *Toombs*, 574 F.3d at 1275; *see also Castro v. Ward*, 138 F.3d 810, 820 (10th Cir. 1998) (concluding no prejudice existed where despite a general allegation that the delay made it more difficult to present a defense, there is no claim "that any specific witness or evidence was somehow rendered unavailable or less persuasive because of the passage of time"). The Court should therefore find that the prejudice factor does not weigh in favor of the Defendant because she is not materially prejudiced by the delay.

Trial is currently scheduled for September of this year. Notably, several Defendants, including Subhanah Wahhaj, have already asked for (and the Government has not opposed) extensions of the first major milestone in the Court's scheduling order—the motion deadline for filing pretrial motions under Federal Rule of Criminal Procedure 12(b). Given the amount of delay the Defendants have already requested or agreed to in this case (and which the Court has already determined did not compel relief under the Constitution), an orderly march to trial scheduled for this year does not suddenly amount to a constitutional speedy trial violation.

### III. CONCLUSION

The Defendant has failed to show there was a violation of her Sixth Amendment right to a speedy trial. A balancing of the four factors articulated in *Barker v. Wingo* clearly weighs in

the Government's favor. On balance, all the *Barker* factors weigh in favor of the Government or are neutral, and a dismissal of the charges is not warranted or justified under the governing law interpreting the Constitutional right to a speedy trial.

                Respectfully submitted,

                ALEXANDER M. M. UBALLEZ
                United States Attorney

                *Electronically Filed*

                KIMBERLY A. BRAWLEY
                TAVO HALL
                Assistant United States Attorneys
                201 Third St. NW, Suite 900
                Albuquerque, NM 87102
                (505) 346-7274

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system,
which caused counsel of record for defendant to be
served by electronic means.

***/s/ Filed Electronically***
TAVO HALL
Assistant U.S. Attorney