IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 18-CR-02945 WJ |
| vs. | ) | |
| | ) | |
| JANY LEVEILLE, | ) | |
| SIRAJ IBN WAHHAJ, | ) | |
| HUJRAH WAHHAJ, | ) | |
| SUBHANAH WAHHAJ, and | ) | |
| LUCAS MORTON, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT FIVE FOR UNCONSTITUTIONAL APPLICATION OF FIREARMS STATUTE, WHICH EXCEEDS CONGRESS'S AUTHORITY UNDER THE COMMERCE CLAUSE**

The United States files this its Response in Opposition to Defendants' "Motion to Dismiss Count Five for Unconstitutional Application of Firearms Statute, Which Exceeds Congress's Authority under the Commerce Clause." (Doc. 595, hereinafter "the Motion.") The Motion is without merit and should be denied.

**I. BACKGROUND**

On March 13, 2019, the Grand Jury returned a seven-count superseding indictment against all five Defendants. Count Five of the superseding indictment alleges that "[f]rom at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico, and elsewhere, JANY LEVEILLE, being an alien illegally and unlawfully in the United States, knowingly possessed, in and affecting commerce, firearms and ammunition, and SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ, and LUCAS MORTON knowingly aided and abetted the defendant, JANY LEVEILLE, in so doing." (Superseding

Indictment, Doc. 85.)  Count Five also incorporates by reference the allegations set forth in paragraphs 2 through 23 of the Superseding Indictment, which allege the following facts, among others:

- Siraj Wahhaj provided at least ten firearms to his coconspirators, and Hujrah Wahhaj provided at least one firearm, (Doc. 85 at 3);

- The Defendants traveled from the State of Georgia to the State of New Mexico with firearms and ammunition, (Doc. 85 at 3);

- The Defendants built and maintained a compound comprised of materials such as a wooden frame, a trailer, plastic tarp, and a tire wall and that they stored firearms and ammunition in the compound, (Doc. 85 at 4);

- The Defendants built a firing range on the compound and dug an underground tunnel leading away from the compound, (Doc. 85 at 4);

- The Defendants possessed and shot firearms on the compound, (Doc. 85 at 4-5);

- Jany Leveille and Lucas Morton solicited one of Siraj Wahhaj's relatives to join the group in New Mexico, bring money and firearms, and to die as a martyr, (Doc. 85 at 5); and

- Siraj Wahhaj and Lucas Morton trained persons, including other occupants of the compound, in firearms use and tactical maneuvers and instructed them to be prepared to engage in jihad, to die as martyrs, and to engage in violent acts, including the killing of federal employees, officials, and military personnel, (Doc. 85 at 5).

## II.  ARGUMENT

Defendants concede that indictment alleges that at least one of the firearms at issue in the indictment traveled in interstate commerce.  Defendants argue that this allegation alone is insufficient under the Commerce Clause, notwithstanding *United States v. Scarborough*, 431 U.S. 563 (1977), which upheld the constitutionality of the firearms statute under the Commerce Clause.  Citing *United States v. Lopez*, 514 U.S. 549 (1995), Defendants invite this Court "to reexamine *Scarborough* . . . and determine that, but for *Scarborough*, it would find that as applied to this case, the Commerce Clause does not provide Congress the authority to regulate mere possession of firearms by illegal

2

aliens, or those who would aid and abet such crimes." Doc. 595 at 2.  This Court should decline Defendants' invitation.

The Commerce Clause gives Congress the power "to regulate commerce with the foreign nations, and among the several states, and with the Indian tribes." U.S. Const. art I, § 8, cl. 3.  Under this authority, 18 U.S.C. § 922(g) makes it unlawful for "any person . . . who being an alien . . . is illegally or unlawfully in the United States . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(5)(A).  Interpreting this statute, the Supreme Court in *Scarborough* concluded that proof the defendant possessed a firearm that previously traveled in interstate commerce was sufficient to satisfy the nexus between the possession of the firearm by the felon and commerce.  431 U.S. at 563. This has also been the law in the Tenth Circuit.  *See United States v. Bolton*, 68 F.3d 396, 400 (10th Cir.1995) (concluding "[§] 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause" (quotation omitted));  *United States v. Farnsworth*, 92 F.3d 1001, 1006–07 (10th Cir. 1996) ("Section 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause, and the de minimis effect of [the defendant]'s own actions on interstate commerce does not invalidate his conviction." (citations and quotation marks omitted)).

Defendants rely on *United States v. Patton*, 451 F.3d 615 (10th Cir. 2006), in which the Tenth Circuit re-examined *Scarborough* in light of *Lopez*, to question the firearms statute's constitutional validity.  Since *Lopez*, defendants routinely make this argument, and courts, bound as they are to follow the law, just as routinely reject this argument—not one court has done otherwise. While Defendants here argue that now is the time for this Court to reject the rule stated in

*Scarborough*, they ignore the fact that the Tenth Circuit, even since *Patton*, and indeed every other circuit have upheld the constitutionality of 18 U.S.C. § 922 again and again and again. *See, e.g., United States v. Griffith*, 928 F.3d 855, 865 (10th Cir. 2019) (citing § 922(g)(1) as having "specifically passed constitutional scrutiny under the Commerce Clause" (citations omitted)); *United States v. Campbell*, 603 F.3d 1218, 1221 (10th Cir. 2010)(rejecting defendant's Commerce Clause challenge to firearms statute); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) (rejecting defendant's argument that § 922(g) violates the Commerce Clause); *United States v. Urbano*, 563 F.3d 1150, 1154 (10th Cir. 2009) (finding after *Lopez* that "if a firearm has traveled across state lines, the minimal nexus with interstate commerce is met and the statute can be constitutionally applied" with regards to § 922(g)); *United States v. Dorris*, 236 F.3d 582 (10th Cir. 2000)(" "[i]n 1977, the Supreme Court passed on the very question Mr. Dorris presents us, holding proof the possessed firearm previously traveled in interstate commerce was sufficient to satisfy the nexus between the possession of firearm by a felon and commerce."); *United States v. Keyes*, 558 F. Supp. 2d 1169, 1174 (D. Colo. 2007) (the "commerce" in § 922(g)(1) is the commercial trade of firearms, not the commercial nature of the predicate felony); *see also United States v. Wilkerson*, 411 F.3d 1, 10 (1st Cir. 2005) ("the evidence that a firearm has traveled at some time in interstate commerce is sufficient to establish a nexus between the firearm and interstate commerce."); *United States v. Gaines*, 295 F.3d 293, 302 (2d Cir. 2002) (firearms statute constitutional under Commerce Clause); *United States v. Latu*, 479 F.3d 1153 (9th Cir. 2007) (rejecting defendant's argument that § 922(g)(5) presents an unconstitutional extension of Congress' power to regulate interstate commerce and finding that "[u]nlike the statutes at issue in *Lopez* and *Morrison*, § 922(g) contains a jurisdictional element, specifically requiring that [Defendant's] possession be 'in or affecting commerce' [and t]he presence of the jurisdictional element satisfies the Commerce Clause concerns articulated in *Lopez*."); *United States v. Wells,*

98 F.3d 808, 811 (4th Cir.1996) ("The existence of this jurisdictional element, requiring the Government to show that a nexus exists between the firearm and interstate commerce to obtain a conviction under § 922(g), distinguishes *Lopez* and satisfies the minimal nexus required for the Commerce Clause."); *United States v. Spires*, 79 F.3d 464, 466 (5th Cir.1996) (18 U.S.C. § 922(g) constitutional under Commerce Clause) ; *United States v. Turner*, 77 F.3d 887, 889 (6th Cir.1996) (same); *United States v. Bell*, 70 F.3d 495, 497-98 (7th Cir.1995) ("*Lopez* has raised many false hopes" and "Defendants have used it as a basis for challenges to various statutes" which "[a]lmost invariably . . . fail"); *United States v. Shelton*, 66 F.3d 991, 992 (8th Cir.1995) ("[s]ection 922(g) ... clearly is tied to interstate commerce."); *United States v. Hanna*, 55 F.3d 1456, 1461-62 & n. 2 (9th Cir. 1995) ("requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause"); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir.1996) (upholding constitutionality of firearms statute under Commerce Clause post-*Lopez*).

Notwithstanding the foregoing, Defendants' argument misconstrues *Lopez*. In striking down 18 U.S.C. § 922(q), the Court noted in *Lopez* that § 922(q) "contain[ed] no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Lopez*, 514 U.S. at 561. In contrast, § 922(g) contains a jurisdictional element. Specifically, § 922(g) prohibits a convicted felon from "possess[ing] in or affecting commerce, any firearm or ammunition." "Section 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause." *Bolton*, 68 F.3d at 400. The statute at issue in this case, 18 U.S.C. § 922(g), does not suffer from the lack of jurisdictional element fatal to the pre-amendment § 922(q) statute struck down by *Lopez*, but rather cleaves closely to the post-

5

amendment, constitutional § 922(q)(2)(A). *Bolton*, 68 F.3d at 400; *see also United States v. Bell*, 70 F.3d 495, 498 (7th Cir. 1995) (conviction under 18 U.S.C. § 922(g) requires the government "to prove exactly what *Lopez* found missing under § 922(q)."). Section 922(g) specifically requires that possession of the firearm at issue be "in or affecting commerce" or subsequent to the firearm's having been "shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g). The statute requires proof that the particular firearm possessed has affected interstate commerce in some way, including by traveling in interstate or foreign commerce. As such, it is a constitutional exercise of Congress's authority under the Commerce Clause. Thus, on its own terms, the Defendants' argument has no merit and should be rejected. Certainly, the Tenth Circuit has foreclosed all of the Defendants' arguments in precedent binding on this Court. This Court is bound by precedent to conclude that § 922(g) represents a valid exercise of Congress's power under the Commerce Clause. *See United States v. Lira-Ramirez*, 951 F.3d 1258, 1260–61 (10th Cir. 2020) ("We must generally follow our precedents absent en banc consideration.") (citation omitted)). Because the United States has pleaded the elements of the offense as set forth in the statute, Count Five of the Superseding Indictment should not be dismissed.

### III.  CONCLUSION

For the reasons stated herein, the Defendants' "Motion to Dismiss Count Five for Unconstitutional Application of Firearms Statute, Which Exceeds Congress's Authority under the Commerce Clause" (Doc. 595) should be denied.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Electronically Signed*
KIMBERLY A. BRAWLEY and
TAVO HALL
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87102
(505) 346-7274

CERTIFICATE OF SERVICE

    I hereby certify that on February 17, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon defense counsel. A copy of this filing will be mailed to Lucas Morton.

*Electronically Signed*
Kimberly A. Brawley
Assistant United States Attorney