# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                 Case No. 1:18-CR-02945-WJ

SUBHANAH WAHHAJ,

    Defendant.

## ORDER REGARDING MOTION FOR *LAFLER/FRYE* HEARING

**THIS MATTER** came before the Court on the United States' Motion for *Lafler/Frye* Hearing, filed February 13, 2023. Doc. 619. Chief Judge Johnson granted the motion for a hearing and referred the matter to me pursuant to Fed. R. Crim P. 59(a) to conduct the hearing. *See* Doc 622 at 1. He further ordered me to "make the prosecution's proposed plea agreements sealed exhibits at the hearing and verify that Defendants and defense counsel discussed the terms of the plea agreements before rejecting the United States' proposed resolution." Doc. 622 at 2. The Court held a hearing on the motion with respect to Subhanah Wahhaj on February 24, 2023. Doc. 644. AUSAs Kimberly A. Brawley and Jackson Tavo Hall appeared on behalf of the United States. Justine Fox-Young appeared on behalf of Defendant, Subhanah Wahhaj, who was personally present.

    Based on the representations of counsel and the testimony of Subhanah Wahhaj, the Court finds the following facts:

On January 23, 2023, the United States sent an email to Ms. Fox-Young and Ryan Villa extending a plea offer to Ms. Subhanah Wahhaj[1]; the proposed plea agreement was attached to the email. The plea offer was a global offer which required all defendants to accept the plea offer for any defendant to be able to accept it. On January 24, 2023, Ms. Fox-Young hand delivered a copy of the email and the proposed plea agreement to Ms. Subhanah Wahhaj at the Cibola County Detention Center. That same day, Mr. Villa had a Zoom conference with Ms. Subhanah Wahhaj and went over the proposed plea agreement with her, paragraph by paragraph. Mr. Villa explained the terms of the government's plea offer to Ms. Subhanah. He also discussed with her the penalties she faced if she was convicted at trial. He discussed the benefits of accepting the proposed plea offer with her, and also answered all of her questions. At that time, Ms. Subhanah Wahhaj stated she was not interested in accepting the government's plea offer. Mr. Villa told her, however, that the deadline for accepting the government's plea offer was February 10, 2023.

On February 6, 2023, Ms. Fox-Young and Mr. Villa together had a Zoom conference with Ms. Subhanah Wahhaj. They informed Ms. Subhanah Wahhaj that the defendants and their attorneys could meet in person on February 9, 2023, and Ms. Subhanah Wahhaj stated that she wanted to participate in that meeting.

On February 9, 2023, Ms. Fox-Young and Mr. Villa met with Ms. Subhanah Wahhaj in person, and they again went over the proposed plea agreement with Ms. Subhanah Wahhaj. They again told her that the plea offer was a global offer, and that all the defendants needed to accept the plea offer for any defendant to accept it. Ms. Subhanah Wahhaj had an opportunity to discuss the pros and cons of accepting the plea offer with Mr. Villa and Ms. Fox-Young at this

---

[1] Because three of the five co-defendants in this case share the same last name, the Court refers to these defendants by their full name to avoid confusion.

meeting. Ms. Subhanah Wahhaj again decided to reject the plea offer. Before rejecting the plea offer, Mr. Villa and Ms. Fox-Young answered all of Ms. Subhanah Wahhaj's questions to her satisfaction. Ms. Subhanah Wahhaj had a full and complete opportunity to discuss the plea offer with Mr. Villa and Ms. Fox-Young, and after those discussions, she herself decided to reject the plea offer. Ms. Subhanah Wahhaj understood that it was solely her decision whether to accept or reject the plea offer. She was not threatened or forced in any way to reject the plea offer.

Ms. Subhanah Wahhaj understood that she could not later change her mind and get the same plea deal that the United States offered her in January of 2023. She also understood that the government's offer was a global offer, and that if she rejected the plea offer, her co-defendants likely could not accept the plea offer that was extended to them. Ms. Subhanah Wahhaj testified that she understood that in rejecting the government's plea offer, her case likely would result in a jury trial. She further understood that if she goes to trial and is convicted, her sentence might be longer than the sentence she would have received had she accepted the government's plea offer. She also understood that if she goes to trial and is convicted, she cannot then change her mind and try to get the plea deal that the government offered her in January of 2023.

After considering all the information and evidence provided at the hearing, the Court is convinced that Ms. Subhanah Wahhaj received the government's plea offer, understood its terms and effects, independently and voluntarily rejected it after consulting with competent counsel, and understood that rejecting the offer likely would result in a jury trial.

**IT IS THEREFORE ORDERED** that the United States' Motion for *Lafler/Frye* Hearing is **GRANTED** to the extent that the Court held the hearing. The Court finds that the United States extended a formal plea offer to Ms. Subhanah Wahhaj on January 23, 2023, in the

form of a proposed plea agreement,[2] that offer was conveyed and explained to Ms. Subhanah Wahhaj in a timely manner, and, after consulting at length with her attorneys, Ms. Subhanah Wahhaj knowingly and voluntarily rejected the plea offer.

_____
LAURA FASHING
U.S. MAGISTRATE JUDGE

---

[2] The proposed plea agreement that the United States emailed to Ms. Fox-Young on January 23, 2023, which Ms. Fox-Young and Mr. Villa later discussed with Ms. Subhanah Wahhaj, is attached to the minutes of the hearing as sealed government exhibit 3.  *See* Doc. 644-1.  Ms. Subhanah Wahhaj confirmed that this exhibit is the proposed plea agreement that she reviewed with Ms. Fox-Young and Mr. Villa.