IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                No. 1:18-CR-02945-WJ

JANY LEVEILLE, et al.,

        Defendants.

### DEFENDANTS' JOINT MOTION TO EXCLUDE EXPERT TESTIMONY OR IN THE ALTERNATIVE FOR *DAUBERT* HEARING

COME NOW Defendants, by and through their respective counsel of record, and hereby submit their Motion to Exclude Expert Testimony or in the Alternative for a Daubert Hearing with respect to proffered expert Gloria Smikle.

**I.    RELEVANT PROCEDURAL BACKGROUND.**

The United States originally proposed in its July 9, 2019 Notice to call Nurse Practitioner Gloria Smikle,

> the medical care provider of John Doe, to testify about medical treatment she provided John Doe prior to his death. Ms. Smikle will testify about John Doe's medical diagnosis and treatment history. Ms. Smikle also will testify that John Doe suffered from a seizure disorder, that his medical conditions required continuing medical treatment, that he required daily prescription medication, and that death was the likely eventual outcome in the event John Doe did not receive his required treatment and prescription medication. Ms. Smikle will also testify about physical and emotional stressors that could aggravate John Doe's medical conditions. The testimony of Nurse Practitioner Smikle may include expert opinions or specialized knowledge regarding medical diagnosis and treatment that is derived from her education, training, and professional experience.

Doc. 127 at 2. On April 3, 2023, the United States Amended its expert disclosure for the second time, and indicated:

> The United States previously provided notice that it intended to call Gloria Smikle, a nurse practitioner who was one of John Doe's medical providers,

>to testify about medical treatment she provided John Doe prior to his death, but the United States does not intend to elicit expert opinions from Ms. Smikle. Docs. 127, 267. Ms. Smikle will testify about John Doe's medical diagnosis and treatment history. She will also testify that John Doe suffered from a seizure disorder, that his medical conditions required continuing medical treatment, that he required daily prescription medication.

Thus, the United States now takes the position that Ms. Smikle will not be offering expert opinions. Nevertheless, Defendants contend that proposed testimony about John Doe's medical conditions, the need for continuing medical treatment, and the requirement of daily prescription medication constitutes expert testimony that requires specialized scientific knowledge.

## II.   ARGUMENT.

Expert testimony is governed by Fed. R. Evid. 702. Rule 702 states:

>If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. A "trilogy of Supreme Court cases [*Daubert, Kumho Tire Co.*, and *Joiner*]" in turn "clarify the district court's gatekeeper role under Federal Rule of Evidence 702." *United States v. Rodriguez-Felix*, 450 F. 3d 1117, 1122 (10th Cir. 2006). Under Rule 702, "a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony." *Id. See also Fed. R. Evid. 702*. However, "the burden of establishing that the expert is qualified, that the methodology he or she uses to support his or her opinions is reliable, and that his or her opinion fits the facts of the case and thus will be helpful to the jury" rests squarely with the proponent of the testimony. *Vondrak v. City of Las Cruces*,

2

671 F. Supp. 2d 1239, 1244 (D.N.M. 2009). A court is instructed to apply a flexible test, considering: (1) whether the theory or technique can be, and has been, tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the theory is generally accepted in the relevant scientific community. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993). A determination must be made as to whether the proposed testimony relates to scientific, technical or specialized knowledge and whether said testimony will assist the trier of fact in understanding a fact in issue. *Goebel v. Denver and Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir.2000). The trial court is required to assess the reasoning and methodology underlying opinions on these matters and determine its validity. *Id.* The testimony must have a reliable foundation and be relevant to the task at hand. *Id.*

Before such "expert" testimony can be presented, the proponent of the testimony must meet the admission criteria described in *Daubert v. Merrell Dow Pharmaceuticals*, Inc. 509, U.S. 579, 113 S.Ct. 2786 (1993). The Supreme Court in *Daubert* held that the trial court should make admissibility decisions based on relevance and reliability. The court noted that Rule 702's requirement that such evidence must "assist the trier of fact to understand the evidence or to determine a fact in issue" is a relevance inquiry; i.e., the scientific evidence must "fit" a fact in issue. The *Daubert* Court also stated that the trial court is the "gatekeeper." It is the trial court's responsibility to determine the admissibility of the evidence using the preponderance of the evidence standard.

*Daubert* identified four factors which influence the reliability inquiry: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subject to peer review and publications; (3) the known or potential rate of error,

3

and (4) widespread acceptance in the relevant scientific community. 509 U.S. at 593-94. The Court emphasized in *Daubert* that "the proponent of expert opinion testimony must show that the expert will assist the trier of fact by conveying scientific knowledge.

Presumably, this relaxation of the usual requirement of first-hand knowledge . . . is premised on an assumption that the expert's testimony will have a reliable basis in the knowledge and experience of his discipline." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786, 2796 (1993).

While the United States asserts that it does not intend to elicit expert opinions from Ms. Smikle, it also proffers testimony that would constitute expert opinion. Specifically, the United States proposes to elicit diagnoses and medical treatment regimens that John Doe purportedly required. At a minimum, a *Daubert* hearing should be held to ascertain the validity, reliability, and admissibility of her proposed opinions.

**A. Ms. Smikle's Proposed Testimony Does Not Meet the Standards of Rule 702.**

The United States' disclosure related to Ms. Smikle is far more truncated than the disclosures associated with other purported experts. Yet, the gist of what the United States intends to elicit is testimony about John Doe's medical diagnoses and medical needs. Such opinions, however, are scientific in nature, and must be rooted in valid medical criteria, with the basis for the opinions set forth with sufficient detail to permit the Court to exercise its gatekeeper role. Rather than making such a disclosure, the Government relies on conclusory diagnoses and assertions about John Doe's medical needs. Such a disclosure is therefore deficient. The Court should exclude such testimony unless the proper qualifications and criteria can be established. Thus far the Government has not laid the appropriate foundation for this witness to offer any opinions. At a

minimum, the Court should hold a *Daubert* hearing to allow Defendants to test the proposed opinion testimony of Ms. Smikle.

### III. CONCLUSION.

The Court should not permit Ms. Smikle to offer expert opinions. The Government's disclosures do not offer sufficient information to permit admission of her proffered opinions. Moreover, she does not offer a basis or methodology for her opinions. If the Court is not prepared to exclude her testimony, then a *Daubert* hearing should be set.

WHEREFORE, the defense jointly request that the Court enter an order precluding expert opinion testimony from Gloria Smikle or, in the alternative, setting a *Daubert* hearing.

Respectfully submitted,

*/s/ Donald F. Kochersberger III*
Donald F. Kochersberger III
Business Law Southwest
320 Gold Ave. SW, Suite 610
Albuquerque, NM 87102
(505) 848-8581
Donald@BusinessLawSW.com

*/s/ Marshall J. Ray*
Marshall J. Ray
Law Offices of Marshall J. Ray, LLC
514 Marble Ave, NW
Albuquerque, NM 87111
(505) 312-2748
mray@mraylaw.com

*Attorneys for Defendant Hujrah Wahhaj*

&

*/s/ Ryan J. Villa*

Ryan J. Villa
The Law Office of Ryan J. Villa
5501 Eagle Rock Ave NW Ste. C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Justine Fox-Young*
Justine Fox-Young
Justine Fox-Young, PC
5501 Eagle Rock Ave NE Ste C2
Albuquerque, NM 87113
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Defendant Subhanah Wahhaj*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023 a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/Justine Fox-Young*
Justine Fox-Young